UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

AMY FAGAN,

                              Plaintiff,

          -against-

INSTITUTE OF CULINARY EDUCATION,
INC.,

                              Defendant.

-------------------------------------------------------------X

Case No. _____

**NOTICE OF REMOVAL**

TO:    THE JUDGES FOR THE UNITED STATES DISTRICT
       <u>COURT FOR THE SOUTHERN DISTRICT OF NEW YORK</u>

          **PLEASE TAKE NOTICE**, that Defendant The Institute of Culinary Education, Inc. ("Defendant"), improperly named as Institute of Culinary Education, Inc., pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, by and through its undersigned counsel, hereby removes the action entitled *Amy Fagan v. Institute of Culinary Education, Inc.*, filed in the Supreme Court of the State of New York, County of New York, under Index No. 150527/2024, to the United States District Court for the Southern District of New York.[1]  As required by 28 U.S.C. § 1446(a), Removing Defendant sets forth below a short and plain statement of the grounds for removal:

## <u>PROCEDURAL HISTORY</u>

          1.    Plaintiff Amy Fagan ("Plaintiff") commenced this action on or about January 18, 2024, by filing a Summons and Complaint in the Supreme Court of the State of New

---

[1] By removing this action to this Court, Defendant does not waive any defenses, objections, or responsive pleadings available under State or Federal law. Defendant expressly reserves the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal for lack of personal jurisdiction, improper venue, *forum non conveniens*, res judicata or on any other applicable grounds.

York, County of New York. True and correct copies of all pleadings, processes, and orders filed in the state court action are attached hereto as **Exhibit A**.

2.      In her Complaint, Plaintiff seeks monetary damages for violations of the federal Americans with Disabilities Act of 1990 ("ADA") and the common law. Specifically, Plaintiff alleges claims for failure to provide reasonable accommodations, intentional infliction of emotional distress, negligent hiring and supervision. (*See* Ex. A., Complaint, ¶¶ 21-28 and Prayer for Relief.) Defendant denies each and every one of Plaintiff's allegations.

3.      On information and belief, Defendant has not yet been properly joined or served in this action. *See* 28 U.S.C. § 1446(b)(2)(A).

## VENUE

4.      Venue of this action lies in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 112(b) and 1391 because this is the judicial district of this Court in which the action arose, and because this District encompasses the Supreme Court of the State of New York, County of New York, the forum in which the removed action was filed and pending.

## GROUNDS FOR REMOVAL

5.      This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. § 1331. This Court has original jurisdiction of this matter because Plaintiff asserts a cause of action pursuant the ADA, a federal law of the United States.

6.      This action may also be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). There is complete diversity of citizenship between the parties, no Defendant who is a citizen of New York has been

properly joined and served, and on information and belief the amount in controversy exceeds $75,000, exclusive of interest and costs.

**I.  REMOVAL IS PROPER BECAUSE THIS ACTION ARISES UNDER THE LAWS OF THE UNITED STATES**

7.     "A case pending in state court can be removed to federal court if 'the district courts of the United States have original jurisdiction.'" *Shukla v. Deloitte Consulting LLP*, No. 19 Civ. 10578 (AJN) (SDA), 2020 U.S. Dist. LEXIS 34688, 2020 WL 949426, at *2 (S.D.N.Y. Feb. 27, 2020) (*quoting* 28 U.S.C. § 1441(a)). Thus, a claim may be removed to federal court if it could have been filed in federal court originally. *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 485 (2d Cir. 1998).

8.     Removal pursuant to 28 U.S.C. § 1441(a) must occur "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446 (b)(1).

9.     Asserting a cause of action under the ADA falls within the original jurisdiction of the federal courts under 28 U.S.C. § 1331. *Shukula v. Meta Platforms Inc.*, 23 Civ. 10150 (JGLC) (GS), 2024 U.S. Dist. LEXIS 4746, at *6 (S.D.N.Y. Jan. 8, 2024).

10.     As such, because Plaintiff has asserted a cause of action under the ADA, removal of this action to the Southern District of New York is proper. This removal is timely because Defendant is removing this action within 30 days of the filing of this action in state court.

## II.     REMOVAL IS ALSO PROPER BECAUSE THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES AND REMOVING DEFENDANT HAS NOT BEEN PROPERLY JOINED AND SERVED IN THIS ACTION

11.     For the purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which they are domiciled. *See Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). A plaintiff's place of residency is evidence of their domicile absent affirmative allegations to the contrary. *Id*.

12.     Upon information and belief, at the time Plaintiff commenced this civil action, and at all times since, Plaintiff was and is a resident and citizen of the State of Illinois. (*See* Ex. A, Complaint, ¶ 3.)

13.     Pursuant to 28 U.S.C. section 1332 (c)(1), a corporation is a citizen of any state in which it is incorporated in addition to the state where it maintains its principal place of business. The United States Supreme Court has specifically recognized a corporation's "principal place of business" is its "nerve center" or the state where high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend,* 559 U.S. 77, 80 (2010). In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state. *Id.*

14.     At the time Plaintiff commenced this civil action, and at all times since, Defendant The Institute of Culinary Education, Inc. was and is a corporation organized and existing under the laws of the State of New York, with its principal place of business located in the State of New York, and therefore is a citizen of the State of New York for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1).

4

15.     Accordingly, this action involves "citizens of different States." 28 U.S.C. § 1332(a). Plaintiff is, on information and belief, a citizen of Illinois, and because Defendant has not been properly joined and served in this action, removal of this action is proper under 28 U.S.C. § 1441(b)(2). *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019).

### III.     THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

16.     The amount in controversy requirement is satisfied in this case because it is clear from the face of Plaintiffs' Summons and Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

17.     A removing defendant need only show "a '*reasonable probability*' that the claim is in excess of the statutory jurisdictional amount" of $75,000. *United Food & Comm'l Workers Union v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 2004) (emphasis added).

18.     In determining the amount in controversy, a district court should first review the plaintiff's allegations. See *Samuels v. Elrac, Inc.*, No. CV-06-5345 (NG) (JO), 2006 U.S. Dist. LEXIS 72641, at *3 (E.D.N.Y. Oct. 5, 2006) (*citing Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957)). The entire amount in controversy, while not specifically enumerated in Plaintiff's Complaint, appears to contemplate an amount exceeding the sum or value of $75,000.00. Specifically, Plaintiff seeks emotional distress damages, compensatory and punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and any other damages that the court may deem proper.

19.     Accordingly, the potential damages available far exceed the jurisdictional minimum. Thus, Federal jurisdiction is proper.

## IV.    ADDITIONAL PROCEDURAL REQUIREMENTS

20.    Removal is timely because less than 30 days have passed since Plaintiff filed her Summons and Complaint on January 18, 2024. *See* 28 U.S.C. § 1446(b).

21.    In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the state court action, arranged in chronological order, is attached hereto collectively as **Exhibit A**. An index identifying each document filed and/or served in the state court action is attached as **Exhibit B**.

22.    In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and shall file a copy of this Notice along with a Notice of Removal to Federal Court with the Clerk of the Supreme Court of the State of New York, County of New York, the forum in which the removed action was pending.

23.    Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

**WHEREFORE**, notice is given that this action is removed from the Supreme Court, County of New York, to the United States District Court for the Southern District of New York.

Dated: New York, New York
          February 5, 2024

                                        Respectfully Submitted,

                                        JACKSON LEWIS P.C.

                                        666 Third Avenue, 29th Floor
                                        New York, New York 10017
                                        Tel.: (212) 545-4030
                                        Fax: (212) 972-3213
                                        Todd.Girshon@jacksonlewis.com
                                        Kevin.Murray@jacksonlewis.com

By:    __/s/ Todd H. Girshon _____
Todd H. Girshon, Esq.
Kevin W. Murray, Esq.

*Attorneys for Defendant*

4872-3506-8320, v. 1